```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZENITH INSURANCE COMPANY          :      CIVIL ACTION
                                  :
          v.                      :
                                  :
WELLS FARGO INSURANCE SERVICES    :
OF PENNSYLVANIA, INC., et al.     :      NO. 10-5433
```

MEMORANDUM

Bartle, J.                                          December 13, 2011

      Plaintiff Zenith Insurance Company ("Zenith") initially instituted this diversity action against defendant Wells Fargo Insurance Services of Pennsylvania, Inc. ("Wells Fargo"), an insurance broker, for negligence, breach of the covenant of good faith and fair dealing, and indemnification for benefits paid under a workers' compensation policy issued by Zenith to Glasbern, Inc. ("Glasbern"). In its amended complaint Zenith has also named as defendants Glasbern and Albert Granger ("Granger"), the sole owner of Glasbern. Before the court is the motion of Zenith to dismiss the counterclaim of defendants Glasbern and Granger under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

I.

      When deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to

the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.

II.

The following facts are taken in the light most favorable to Glasbern and Granger as plaintiffs on the counterclaim.  In November, 2008, Wells Fargo presented Zenith with an application for workers' compensation insurance for Glasbern, a company owned by Granger.  The application described Glasbern as a "Bed & Breakfast, Hotel & Restaurant."  Zenith accepted the application and issued a policy, which it renewed in 2009.

It is undisputed that in addition to its bed and breakfast business, Glasbern operated on its premises a farm which grew crops and raised sheep, cows, chicken, and pigs.  On June 11, 2010, an employee of Glasbern named Jason Angstadt

("Angstadt") was severely injured by one of Glasbern's cows while working as a herdsman. As a result, he is now a paraplegic. Angstadt submitted a claim for workers' compensation. Zenith processed the claim and continues to pay the periodic benefits to Angstadt on behalf of Glasbern.

In its original complaint, Zenith maintained that it had no knowledge of Glasbern's farming operations until the submission of the Angstadt claim. Zenith asserted that Wells Fargo failed to conduct a reasonable investigation of Glasbern's business. Furthermore, Zenith stated that Wells Fargo did not provide complete and accurate information to Zenith when it submitted Glasbern's initial insurance application and the subsequent application for renewal.

Wells Fargo then filed a third party complaint against Glasbern. In its complaint, Wells Fargo asserts that Glasbern actively concealed its farming operations and failed to provide accurate information. Wells Fargo seeks indemnification and contribution from Glasbern in the event that it is found liable on any of Zenith's claims.

Zenith later filed an amended complaint after seeking approval from this court. The amended complaint named Glasbern and Granger as additional defendants and brought claims against them for negligent misrepresentation, common law fraud, recision, unjust enrichment, and violation of the Pennsylvania Insurance Fraud Act, 18 Pa. Cons. Stat. Ann. § 4117 et seq. Zenith seeks

damages and a declaratory judgment that it is not liable for the Angstadt workers' compensation claim.

Glasbern and Granger answered Zenith's amended complaint and brought a counterclaim against Zenith and a crossclaim against Wells Fargo. In the counterclaim and crossclaim, Glasbern and Granger allege that Zenith and Wells Fargo knew of its farming operations. Glasbern and Granger plead that Zenith and Wells Fargo breached their duty of good faith and fair dealing under the Pennsylvania Bad Faith Insurance Act, 42 Pa. Cons. Stat. Ann. § 8371.

### III.

In support of its motion to dismiss the counterclaim, Zenith asserts that Granger and Glasbern have failed to state a claim for bad faith because Zenith has continued without interruption to make the payments due for the Angstadt claim. The Pennsylvania Bad Faith Insurance statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)  Award punitive damages against the insurer.
>
> (3)  Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.

Zenith correctly points out that the great majority of actions instituted against insurance companies under § 8371 involve the denial of benefits. See, e.g., J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004); Victoria Ins. Co. v. Li He Ren, No. 08-517, 2008 WL 2371850, at *2-3 (E.D. Pa. June 9, 2008); Rite Aid Corp. v. Liberty Mut. Fire Ins. Co., 414 F. Supp. 2d 508, 522 (M.D. Pa. 2005). Focusing on the type of claim before them, those courts have observed that the insured must show that the insurer: "(1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." Pilosi, 393 F.3d at 367 (citing W.V. Realty, Inc. v. N. Ins. Co., 334 F.3d 306, 311 (3d Cir. 2003)). Accordingly, "an insurer does not act in bad faith by investigating and litigating legitimate issues of coverage." Hyde Athletic Indus., Inc. v. Cont'l Cas. Co., 969 F. Supp. 289, 307 (E.D. Pa. 1997); see also Cay Divers, Inc. v. Raven, 812 F.2d 866, 871 (3d Cir. 1987).

The words of § 8371, however, do not limit bad faith claims to those involving the denial of benefits. They merely require a finding that "the insurer has acted in bad faith toward the insured." 42 Pa. Cons. Stat. Ann. § 8371. Section 8371 is a "[r]emedial statute[]" which "should be broadly construed." Rottmund v. Cont'l Assur. Co., 813 F. Supp. 1104, 1108 (E.D. Pa. 1992); see also Barber v. Unum Life Ins. Co. of Am., 383 F.3d 134, 143 (3d Cir. 2004). The purpose of the statute is:

>first, to place [the insureds] in the same economic position they would have been in had the insurer performed as it promised, by awarding attorney's fees as additional damages; and second, to punish [the insurer] for giving primacy to its own self-interest over that of the [insureds] by awarding punitive damages.

Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 236 (3d Cir. 1997).  A narrow construction "would defeat, rather than effectuate [this] purpose ... and would hinder, rather than promote, justice."  Rottmund, 813 F. Supp. at 1108.

In O'Donnell v. Allstate Insurance Co., the Pennsylvania Superior Court considered whether a claim for bad faith extended to an insurer's conduct during the lawsuit regarding coverage.  734 A.2d 901, 904 (Pa. Super. 1999).  The court found that "section 8371 is not restricted to an insurer's bad faith in denying a claim."  Id. at 905.  Under O'Donnell, bad faith insurance practices include conduct independent of denial of benefits, such as unfair investigation techniques or delayed payment of claims.  Id. at 906.  This results because § 8371 "was designed to remedy all instances of bad faith conduct by an insurer, whether occurring before, during or after litigation."  Id. (emphasis added).

Similarly, in Little Souls Inc. v. State Automobile Mutual Insurance Co., the plaintiff brought a bad faith claim against its insurer because, among other acts, the insurer filed suit against the plaintiff and thus compelled the plaintiff to defend itself in court.  No. 03-5722, 2004 WL 503538, at *3 (E.D.

Pa. Mar. 15, 2004).  The insurer moved to dismiss the plaintiff's claims related to the filing of the lawsuit.  Id. at *4.  The court, denying the motion to dismiss, stated:

> While it is true the filing of a declaratory judgment alone cannot sustain an action for bad faith, the plaintiff may use that as part of its case to prove bad faith.  Just because the filing alone does not prove bad faith, the filing in conjunction with other evidence may.

No. 03-5722, 2004 WL 503538, at *4 (E.D. Pa. Mar. 15, 2004) (citing Krisa v. Equitable Life Assur. Soc'y, 109 F. Supp. 2d 316, 321 (M.D. Pa. 2000)).

In the counterclaim, Glasbern and Granger assert that Zenith's allegations are false and brought in bad faith. Glasbern and Granger claim that Zenith was aware that they were engaged in farming operations no later than March, 2009.  Zenith, according to the counterclaim, filed the amended complaint for the "purpose of embroiling its insureds in punishingly extensive and expensive litigation, so as to deprive them of the benefit of coverage by coercing its insureds to contribute to a settlement."

When taken in the light most favorable to Glasbern and Granger as the nonmoving parties, the counterclaim sets forth detailed facts which support their position that Zenith knew of their farming operations and nonetheless instituted a suit for fraud and misrepresentation against them.  Payment by an insurer of a claim for benefits does not warrant automatic dismissal of the insured's claim for bad faith.  An insurance company will generally have far greater resources than the parties it insures.

Thus, an insurance company may purposefully file a false or meritless lawsuit against its insured as leverage to force the insured to choose between expending money for attorneys' fees to defend a lawsuit or forfeiting insurance benefits which the party has received or is entitled to receive.  The counterclaim clearly meets the pleading requirements of Twombly and Iqbal.  See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570.  Glasbern and Granger should have an opportunity to prove their bad faith claim against Zenith based on the facts of this case.

In support of its motion to dismiss, Zenith also asserts that it cannot be liable for bad faith because it has a "constitutionally protected right to litigate coverage" under the Noerr-Pennington doctrine.  See United Mine Workers v. Pennington, 381 U.S. 657, 670 (1965); E. R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 135 (1961).  The Noerr-Pennington doctrine originated in the antitrust context and has since been expanded to other areas of the law.  We, Inc. v. City of Philadelphia, 174 F.3d 322, 326-27 (3d Cir. 1999).  The doctrine is rooted in the right "to petition the Government for a redress of grievances" found in the First Amendment of the United States Constitution and provides that "liability cannot be imposed for damage caused by inducing legislative, administrative, or judicial action."  U.S. Const. amend. I; We, Inc., 174 F.3d at 327 (citing Brownsville Golden Age Nursing Home, Inc. v. Wells, 839 F.2d 155, 160 (3d Cir. 1988)).

The Noerr-Pennington protection, like other aspects of the First Amendment, is not absolute. Id. at 327. The filing of a frivolous action, for example, is subject to sanctions. See, e.g., Fed. R. Civ. P. 11; 42 Pa. Cons. Stat. Ann. § 8351. We are aware of no court which has applied Noerr-Pennington to bar a bad faith claim against an insurer. At this early stage of the proceedings, we cannot say as a matter of law that Noerr-Pennington requires dismissal of the counterclaim.

We, of course, take no position on whether Glasbern and Granger can or should prevail in this action. That must await another day.

In the meantime, the motion of Zenith to dismiss the counterclaim will be denied.