IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ZENITH INSURANCE COMPANY          :      CIVIL ACTION
                                  :
          v.                      :
                                  :
WELLS FARGO INSURANCE SERVICES    :
OF PENNSYLVANIA, INC., et al.     :      NO. 10-5433
```

MEMORANDUM

Bartle, J.                                          June 7, 2012

      Plaintiff Zenith Insurance Company ("Zenith") initially instituted this diversity action against defendant Wells Fargo Insurance Services of Pennsylvania, Inc. ("Wells Fargo"), an insurance broker, for negligence, breach of the covenant of good faith and fair dealing, and indemnification for benefits paid under a workers' compensation policy issued by Zenith to Glasbern, Inc. ("Glasbern").  Zenith later filed an amended complaint naming as defendants Glasbern and Albert Granger ("Granger"), the sole owner of Glasbern.  Thereafter, Glasbern and Granger filed a counterclaim for bad faith under the Pennsylvania Bad Faith Insurance Act, 42 Pa. Cons. Stat. Ann. § 8371.  Before the court is the motion of Glasbern and Granger to file an amended answer and counterclaim under Rule 15 of the Federal Rules of Civil Procedure.

      According to Glasbern and Granger, Jacob Cohn, Esquire, has made several comments critical of Glasbern's and Granger's counsel, Peter J. Speaker, Esquire.  Cohn is an attorney at Cozen

and O'Connor, the law firm which represents Zenith. Specifically, Cohn allegedly criticized Speaker for bringing a bad faith counterclaim and for "making bad case law." Cohn's comments were directed to a partner at Speaker's firm and a client of that firm. The comments were apparently made in March, April, and May, 2012. Glasbern and Granger seek to amend their counterclaim to add the following language:

> Zenith has also engaged in outrageous misconduct and acted in bad faith by attempting, on its own and/or through its counsel, to intimidate G&G's [Glasbern and Granger's] attorneys, and thereby deprive G&G [Glasbern and Granger] of loyal and zealous representation, by threatening G&G's [Glasbern and Granger's] attorneys that they will try to convince insurance clients and potential insurance clients of the firm of Thomas, Thomas & Hafer, LLP ("TTH"), that TTH is, in this action, engaging in legal misconduct inimical to the interests of the insurance industry; and, in fact, Zenith, through its attorneys, has disparaged TTH in communication(s) with client(s) of TTH, in an effort to deprive its insureds, G&G [Glasbern and Granger], of loyal, zealous representation by their attorneys. Zenith is liable to G&G [Glasbern and Granger] for compensatory damages, punitive damages, attorneys fees, legal costs and interest, including but not limited to the remedies under 42 Pa.C.S. § 8371.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings before trial with leave of court, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). However, the court need not grant such leave in the presence of "undue delay, bad faith or dilatory motive on the part of the movant," where amendment would

cause "undue prejudice to the opposing party," or where amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

     Here, granting leave to amend would cause undue prejudice to Zenith as the opposing party.  Undue prejudice occurs if "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."  Cureton v. Nat'l Coll. Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).  This action has been pending since October 14, 2010 and Glasbern and Granger first filed their bad faith counterclaim against Zenith on September 30, 2011.  The instant motion to amend was filed on May 16, 2012, a mere two weeks before the close of discovery on May 31, 2012.  Furthermore, dispositive motions are due on or before June 15, 2012.  If the motion to amend is granted, the parties will need to engage in additional discovery, including the depositions of Cohn and the individuals to which he allegedly made the comments.  This will result in significant delay and expense.

     Even assuming Zenith would not be unduly prejudiced, we will deny the motion to amend on the basis of futility.  Granting leave to amend is futile where the amendment would fail to state a claim upon which relief can be granted.  In re Burlington Coat Factory, 114 F.3d at 1434.  As discussed above, Glasbern and Granger seek to amend based on comments made by Jacob Cohn, an attorney with the law firm of Cozen O'Connor.  Cohn does not

represent Zenith in this action but merely is employed by the same firm as Zenith's counsel.  Glasbern and Granger have failed to set forth any facts which suggest that Zenith authorized or directed Cohn to make such comments or that Zenith had any knowledge of the remarks.  Simply put, Cohn did not act on behalf of Zenith and thus his comments cannot be characterized as bad faith conduct by the "insurer," as required by § 8371.

Accordingly, the motion of Glasbern and Granger to amend the complaint will be denied.