```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ZENITH INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO INSURANCE SERVICES | : | |
| OF PENNSYLVANIA, INC., et al. | : | NO. 10-5433 |

MEMORANDUM

Bartle, J.                                             December    , 2012

      Before the court is the motion of defendants Glasbern, Inc. ("Glasbern") and its president and sole owner Albert Granger ("Granger") to dismiss the amended complaint for lack of subject matter jurisdiction, failure to join an "indispensable" party, and estoppel.

      Plaintiff Zenith Insurance Company ("Zenith") has sued Wells Fargo Insurance Services of Pennsylvania, Inc. ("Wells Fargo"), Glasbern, and Granger for fraud, negligent misrepresentation, negligent supply of information, professional negligence, breach of the covenant of good faith and fair dealing, violation of the Pennsylvania Insurance Fraud Act, and unjust enrichment.

      Plaintiff alleges that on June 11, 2010, Jason Angstadt ("Angstadt"), an employee of Glasbern, sustained serious injuries in the course and scope of his employment when he was struck by a 1200-pound cow from Glasbern's herd of Devon cattle. As a result of the injuries, Angstadt is now a paraplegic. Zenith, who had

issued a Worker's Compensation insurance policy to Glasbern,[1] investigated Angstadt's claim and filed a Temporary Notice of Compensation Payable with the Pennsylvania Worker's Compensation Bureau on June 28, 2010.  The notice became permanent on September 9, 2010.  Zenith has continuously paid worker's compensation benefits to Angstadt since filing the Temporary Notice of Compensation Payable.

Zenith contends that Wells Fargo, the insurance broker who presented Glasbern's application for worker's compensation insurance to Zenith, as well as Glasbern and Granger fraudulently misrepresented to Zenith the nature of the work that Glasbern's employees would perform.  The amended complaint alleges that Wells Fargo and Granger told Zenith that Glasbern was a bed and breakfast but failed to disclose that it also was engaged in farming.  As such, Zenith was unable properly to assess the risk involved in issuing a Worker's Compensation insurance policy to Glasbern.  Zenith maintains that if not for the fraud and misrepresentation, it would not have issued the policy, and seeks reimbursement from defendants for all benefits it has paid and will pay in the future to Angstadt for his farming injuries.

In their motion to dismiss the amended complaint, Glasbern and Granger argue that this court lacks subject matter jurisdiction over Zenith's claims because the exclusive forum for such claims is the Pennsylvania Worker's Compensation Bureau, a

---

1.  Granger, as president and sole owner of Glasbern, is an additional insured under the Zenith policy.

state administrative agency.  According to Glasbern and Granger, Zenith accepted responsibility for Angstadt's loss when it allowed the Temporary Notice of Compensation Payable to become permanent on September 9, 2010 but is now attempting to avoid that responsibility and circumvent the Worker's Compensation Bureau by filing the present lawsuit.  They further argue that even if this court had subject matter jurisdiction over Zenith's claims, Zenith is estopped from seeking to avoid its obligation under the worker's compensation policy because it already accepted the responsibility to pay Angstadt's benefits.  Lastly, Glasbern and Granger contend that this matter cannot proceed because Zenith failed to join Angstadt and the Pennsylvania Uninsured Employers Guaranty Fund as "indispensable" parties.

First, this court clearly has subject matter jurisdiction over the state law claims for relief presented here, based on diversity of citizenship of the parties and the requisite amount in controversy pursuant to 28 U.S.C. § 1332. Zenith is a citizen of California while Wells Fargo, Glasbern, and Granger are citizens of Pennsylvania.  While a state may eliminate a state cause of action or decide not to provide one in the first instance, it may not divest a federal court of diversity jurisdiction to hear an extant cause of action.  Only Congress, within the limits set forth in the Constitution, can define the boundaries of a federal court's subject matter jurisdiction. See, e.g., Railway Co. v. Whitton's Adm'r, 80 U.S. 270, 286 (1872).

Congress, for example, has prohibited the removal of "a civil action in any state court arising under the workmen's compensation laws of any state."  See 28 U.S.C. § 1445(c). Nonetheless, it has put no limit on a federal court's ability to hear worker's compensation claims originally filed here.

The Pennsylvania Worker's Compensation Act, on which Glasbern and Granger rely to prevent this court from hearing the pending action, states:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 Pa. Cons. Stat. Ann. § 481(a).  Pennsylvania has created an exclusive statutory remedy for any claim by an employee against an employer arising out of an injury sustained in the course and scope of employment.  Such claims must be brought exclusively before the Worker's Compensation Bureau with an eventual right of appeal to the Commonwealth Court. 77 Pa. Cons. Stat. Ann. §§ 710, 710.1.  The statute guarantees compensation to the injured employee regardless of any contributory negligence on his or her part and regardless of any fault on the part of the employer.  It also provides immunity to the employer from tort claims by its employees.  77 Pa. Cons. Stat. Ann. §§ 41, 481(a); Alston v. St. Paul Ins. Cos., 612 A.2d 421, 424 (Pa. 1992).  The Act requires employers to purchase worker's compensation insurance from a

-4-

private insurer or from the State Workers' Insurance Fund.  77 Pa. Cons. Stat. Ann. § 501(a)(1).

The Worker's Compensation Act, as noted above, gives the Worker's Compensation Bureau exclusive jurisdiction to adjudicate claims by an employee against his or her employer as well as coverage disputes between an employer and its insurer. Antimary v. W.C.A.B., 655 A.2d 659 (Pa. Commw. Ct. 1995). According to Granger and Glasbern, the exclusive jurisdiction of the Worker's Compensation Bureau extends also to coverage disputes between an employer and its insurance broker such as defendant Wells Fargo.  The Pennsylvania Commonwealth Court, however, has ruled to the contrary, that is, that the Worker's Compensation Bureau has no jurisdiction over insurance brokers. Id. at 661-62.

In support of their motion, Glasbern and Granger reference a treatise on Worker's Compensation law:

> The general rule appears to be that, <u>when it is ancillary to the determination of the employee's right</u>, the compensation commission has authority to pass upon a question relating to the insurance policy, including fraud and procurement....

Larsen's Workmen's Compensation § 150.04 (2001) (emphasis added). Even assuming that Antimary does not apply here, the pending claims do not concern directly or indirectly the determination of an employee's right to worker's compensation.  Zenith has assured the court that it is not seeking to rescind payments to Angstadt. It will continue to provide him his full benefits regardless of the outcome of this action.  Zenith is simply seeking

reimbursement or indemnity from the defendants for all amounts it has paid and will continue to pay in the future to Angstadt.[2]

If the court were dealing with a claim related to Angstadt's right to receive worker's compensation, Glasbern and Granger might have grounds for this court to abstain from exercising its jurisdiction over the matter, since traditionally worker's compensation is a matter of predominantly local concern and the Commonwealth has created an elaborate administrative scheme, which is overseen by officials possessing the requisite expertise and which includes an appeals process.  See, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619 (1986); Alabama Pub. Serv. Comm'n v. Southern Ry. Co., 341 U.S. 341 (1951); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 70 (1996).  But we need not decide that question.  The claims before the court, which include fraud and negligent misrepresentation, are causes of action based on state law, separate and apart from a claim of Angstadt for worker's compensation.  We reiterate that Zenith is not attempting to terminate payments to Angstadt or to recoup from him any payments he has already received as a result of his work-related injuries.  The outcome of this action can in no way affect Angstadt's

---

2.  Zenith has filed a "voluntary, unopposed withdrawal" of count IX of the amended complaint.  That count sought rescission of the worker's compensation insurance policy that Zenith issued to Glasbern and pursuant to which benefits are being paid to Angstadt.

entitlement to worker's compensation or Zenith's obligation to pay it.

       In sum, this court has diversity jurisdiction over this action, and there is no reason to abstain from hearing it since the claims do not affect Angstadt's worker's compensation. Glasbern and Granger cite no authority to the contrary.  Because Angstadt's benefits will not be disturbed by this lawsuit, neither he nor the Uninsured Employers Guaranty Fund is an "indispensable" party.  Finally, the argument of Glasbern and Granger regarding estoppel has no merit as Zenith has agreed to the continued payments of worker's compensation to Angstadt regardless of the outcome of this litigation.

       The motion of defendants Glasbern and Granger to dismiss the amended complaint will be denied.