IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZENITH INSURANCE COMPANY          :          CIVIL ACTION
                                  :
              v.                  :
                                  :
GLASBERN, INC. and                :
ALBERT GRANGER                    :          NO. 10-5433

MEMORANDUM

Bartle, J.                                   September 10, 2013

        Before the court is the petition of plaintiff Zenith
Insurance Company seeking counsel fees and costs against
defendants Glasbern, Inc. and Albert Granger ("Granger") as the
prevailing party in its action against them under the
Pennsylvania Insurance Fraud Act, 18 Pa. Cons. Stat. Ann. § 4117.

        Glasbern, Inc. operates a high-end bed and breakfast
which features a hotel and restaurant with adjacent farmland.
Granger owns Glasbern, Inc. as well as the farmland contiguous to
the bed and breakfast.  The farming operations are run by
Glasbern, Inc. employees.  Zenith issued a worker's compensation
insurance policy to Glasbern, Inc. and Granger for the year 2009
and renewed the policy for the year 2010.  Wells Fargo was the
insurance broker on behalf of the insureds.

        On June 11, 2010, Jason Angstadt ("Angstadt"), an
employee of Glasbern Inc., sustained serious injuries in the
course and scope of his employment when he was struck by a 1200-
pound cow from Glasbern, Inc.'s herd of Devon cattle.  As a
result of the injuries, Angstadt is now a paraplegic.  Zenith

investigated Angstadt's claim and filed a Temporary Notice of Compensation Payable with the Pennsylvania Worker's Compensation Bureau on June 28, 2010.  The notice became permanent on September 9, 2010.  Zenith has continuously paid worker's compensation benefits to Angstadt since filing the Temporary Notice of Compensation Payable and has agreed to continue to make any payments owed to or on behalf of Angstadt in the future pursuant to the worker's compensation policy.

On October 14, 2010, Zenith filed suit against Wells Fargo in this court seeking damages to recover amounts it paid to Angstadt under the policy.  It alleged it had only issued and renewed the policy as a result of Wells Fargo's misrepresentations regarding Glasbern, Inc.'s farming operations. Almost a year later, on August 19, 2011, Zenith filed an amended complaint adding Glasbern, Inc. and Granger as defendants. Zenith alleged they committed insurance fraud in violation of the Pennsylvania Insurance Fraud Act and negligently misrepresented the nature of their business by omitting information about their farming activities.  As a result, according to Zenith, it issued the policy and then renewed it.  Zenith sought damages for past payments to Angstadt, a declaratory judgment with respect to future payments, and counsel fees and costs.

The action was originally scheduled for trial in October, 2012.  It was then continued to December, 2012 because defendants Glasbern, Inc. and Granger had recently obtained new counsel.  Shortly thereafter it was rescheduled to commence in

-2-

January, 2012 after Granger became ill.  The trial was moved to March, 2013 after Wells Fargo's expert suffered an illness. Several weeks after the new date was set, the parties requested another continuance when Zenith's lead trial counsel left his firm, and the trial was rescheduled for April, 2013.  Before the April trial, counsel for Glasbern, Inc. and Granger was injured in a car accident.  The trial finally commenced on June 10, 2013 and lasted six days.

The jury trial, by agreement of the parties, involved the issues of liability only.  The jury, as noted above, found in favor of Zenith and against Glasbern, Inc. and Granger on the claim that these defendants violated the Pennsylvania Insurance Fraud Act.  The jury, however, found Zenith to be contributorily negligent with regard to its negligence claims against Glasbern, Inc., Granger, and Wells Fargo.[1]  The jury decided in favor of Zenith and against Glasbern, Inc. and Granger on their counterclaim for bad faith.  Partial judgment was entered in accordance with the verdict.

On July 17, 2013, the court held a non-jury trial on the issue of damages and thereafter awarded Zenith $1,076,382.37. The court also issued a declaratory judgment in Zenith's favor directing Glasbern, Inc. and Granger to reimburse Zenith for any

---

1.  In Pennsylvania, the slightest amount of contributory negligence bars recovery for the type of negligence alleged here. See Gorski v. Smith, 812 A.2d 683 (Pa. Super. 2002).

-3-

future payments it makes to or on behalf of Angstadt. Zenith has

now filed a separate petition for counsel fees and costs.

The Pennsylvania Insurance Fraud Act provides that an

insurer may be awarded compensatory damages where the insurer has

been damaged as a result of a violation of the Act.:

> (g) Civil action. -- An insurer
> damaged as a result of a violation
> of this section may sue therefor in
> any court of competent jurisdiction
> to recover compensatory damages,
> which may include reasonable
> investigation expenses, costs of
> suit and attorney fees.  An insurer
> may recover treble damages if the
> court determines that the defendant
> has engaged in a pattern of
> violating this section. [emphasis
> added].

18 Pa. Cons. Stat. Ann. § 4117(g).

A party seeking attorney's fees has the burden to prove

that its request for attorney's fees is reasonable. To meet its

burden, the fee petitioner must "'submit evidence supporting the

hours worked and rates claimed.'"  Rode v. Dellarciprete, 892

F.2d 1177, 1183 (3d Cir. 1990) (citing Hensley v. Eckerhart, 461

U.S. 424, 433 (1983)).

Zenith originally sought $903,030.92 in counsel fees

and costs.  After eliminating certain items related solely to

pursuing claims against Wells Fargo, it has now decreased the

counsel fees and costs it seeks to $899,189.42.  Of that amount,

$858,094.50 consists of fees and $41,094.92 represents costs.  In

support of its petition, Zenith submitted detailed descriptions

of the work performed and costs incurred.  Glasbern, Inc. and

-4-

Granger challenge many of the hours expended, although not the hourly rate of Zenith's counsel, and dispute some of the costs.

We must exclude any hours not reasonably expended. Maldonado v. Houston, 256 F.3d 181 (3d Cir. 2003).  "In calculating the hours reasonably expended, a court should 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Id. at 184 (citing Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995)).  A party challenging counsel fees "must challenge the reasonableness of the requested fee with specificity, and the Court may not reduce the fee sua sponte."  Bell v. United Princeton Properties, 884 F.2d 713, 719-20 (3d Cir. 1989).

Several of defendant's objections relate to the number of attorneys Zenith involved in various conferences, research and writing tasks.  Objections 114-115, for example, relate to preparation for and attendance at a post-trial conference.  Two attorneys appeared for plaintiff at the conference.  We do not find this to be unreasonable.  Supporting counsel for plaintiff, Matthew Siegel, played an integral role in preparing for and presenting plaintiff's case along with lead counsel Dexter Hamilton.  In objections 204-207, 209-210, and 249, defendants challenge the presence of three attorneys at the trial and charging conference and the use of three attorneys for trial preparation and preparation for closing arguments.  We agree that

-5-

the use of three attorneys for these tasks is excessive and unnecessary as a charge against Glasbern, Inc. and Granger, and will accordingly reduce the counsel fees by the amount attributable to the third attorney's time on those tasks.  Such a deduction amounts to $26,320.

In objections 242 and 305 Glasbern, Inc. and Granger challenge time spent by plaintiff's lawyers reviewing Wells Fargo's trial exhibits and the expert report and deposition of Wells Fargo's expert in preparation for trial.  It would be unreasonable to charge those fees to Glasbern, Inc. and Granger and as such we will deduct $2,500 from the total amount of counsel fees owed by these defendants to Zenith.

Defendants further object to the awarding of fees to plaintiff for work performed by plaintiff's counsel prior to the filing of the amended complaint which for the first time included Glasbern, Inc. and Granger as defendants.  The filing of the amended complaint occurred more than a year after the initiation of the lawsuit, when only Wells Fargo was sued.  Zenith counters that while it has removed from its fee petition any time devoted solely to claims against Wells Fargo, it is proper to include time spent before the amended complaint was filed because from the inception of the litigation Zenith was investigating the potential for filing direct claims against Glasbern, Inc. and Granger and began developing those claims once Wells Fargo joined Glasbern, Inc. as a third-party defendant.

-6-

Defendants cite <u>Rode v. Dellarciprete</u>, 892 F.2d 1177 (3d Cir. 1990) to support their position that plaintiff should not be awarded counsel fees for work performed prior to filing its amended complaint.  However, in that case our Court of Appeals stated:

> A defendant should not "be required to compensate a plaintiff for attorney hours devoted to the case against other defendants . . . who are found not to be liable." <u>Baughman v. Wilson Freight Forwarding Co.</u>, 583 F.2d 1208, 1214 (3d Cir. 1978). <u>However</u>, attorney hours "fairly devoted" to one defendant that also support the claims against other defendants are compensable. <u>Id</u>. at 1215. Thus, hours chargeable to the claims against defendants who are found not liable are chargeable to defendants against whom plaintiff prevailed if "plaintiff can establish that such hours also were fairly devoted to the prosecution of the claim[s] against" the defendants over whom plaintiff prevailed [emphasis added].

<u>Rode</u>, 892 F.2d at 1185 (citing <u>Pawlak v. Greenawalt</u>, 713 F.2d 972, 979 (3d Cir. 1983)).  Moreover, the Pennsylvania Insurance Fraud Act specifically provides for "reasonable investigation expenses."  18 Pa. Cons. Stat. Ann. § 4117(g).  Here, plaintiff has removed time entries for work devoted solely to claims pursued against Wells Fargo.  It is reasonable for plaintiff to include some time spent working on developing its case against both Wells Fargo and Glasbern, Inc. and Granger since the claims related to many of the same facts and involved similar theories

-7-

of recovery.  Nonetheless, it would be inequitable under the present circumstances to charge Glasbern, Inc. and Granger for the entire time spent investigating claims against them and developing theories involving both them and Wells Fargo before the filing of the amended complaint.  Zenith did not prevail against Wells Fargo or against Glasbern, Inc. and Granger on its negligence claims, and in any event would not have been entitled to counsel fees and costs on these common law claims even if Zenith had prevailed.

Similarly, it would be unreasonable to charge Glasbern, Inc. and Granger for the entire time spent by Zenith's counsel preparing for trial and at the trial itself.  Much of Zenith's trial preparation concerned its claim against Wells Fargo and a significant part of the trial dealt with that claim.  Zenith, of course, did not succeed on its claim against Wells Fargo.  Had Zenith's only claim been under the Pennsylvania Insurance Fraud Act against Glasbern, Inc. and Granger, Zenith's trial preparation and the length of the trial would have been greatly reduced.

In sum, we find it appropriate to discount the remaining total of the counsel fees, after the specific deductions identified above have been taken, by one third in order to account for the time spent by Zenith pursuing claims against Glasbern, Inc., Granger and Wells Fargo that were ultimately unsuccessful.  After deducting $2500 and $26,320 from $858,094.50 we arrive at $829,274.50.  We will then deduct

-8-

$273,660.59, that is, 33%, from $829,274.50, for a total of $555,613.91.  We have reviewed defendants' other objections to plaintiff's fees and find them to be without merit.

Defendants object to the award of costs to plaintiff for meal and travel expenses incurred by plaintiff's counsel. While we view travel expenses, whether to and from the courthouse in Philadelphia or to a different city for the purposes of taking or defending a deposition, as reasonable to charge to defendants, we do not think it is reasonable to charge them for the cost of the meals of Zenith's counsel.  As such we will deduct $600 from the amount of costs chargeable to Glasbern, Inc. and Granger, which results in costs of $40,494.92.

Zenith's costs included those incurred pursuing common law claims against Glasbern, Inc., Granger and Wells Fargo which were ultimately unsuccessful.  These costs are not recoverable. It is reasonable to deduct one third of the costs expended by Zenith's counsel after the deduction for meals has been taken. The vast majority of the costs consist of copying fees, courier fees, and legal research fees.  These costs would certainly have been reduced by at least a third had the insurance fraud claim against Glasbern, Inc. and Granger been the only claim Zenith pursued.  We have reviewed defendants' other objections to plaintiff's costs and find them to be without merit.  The total allowable costs are $27,131.60.

In conclusion, we find that plaintiff is entitled to be awarded counsel fees in the amount of $555,613.91 and costs in

the amount of $27,131.60, for a total of $582,745.51.